## 'AMADOR RIERA CORONAS, Plff.,

*v.*

## AMERICAN RAILROAD COMPANY OF PORTO RICO, Dft.

---

Ponce, Law, No. 292.

### ON MOTION FOR NEW TRIAL.

Application for New Trial—Affidavit.
> 1. Rule 62 of this court requires application for new trial to be under affidavit. This may be supplied at the hearing, in the discretion of the court.

Federal Employers' Liability Act—Capitalizing Damages.
> 2. If damages to the father of a deceased employee under the Federal employers' liability act are shown to be a certain sum, and the expectancy a certain term, the amount should be capitalized in a verdict by discounting the annual amounts to a present basis.

---

NOTE.—For cases passing upon elements and measure of damages in cases arising under the Federal employers' liability act, see notes in 47 L.R.A.(N.S.) 80, and L.R.A.1915C, 85.

Coronas v. American R. Co.

New Trial—Excessive Verdict.

> 3. If upon the whole it seems to the court that the verdict is excessive, a new trial will be granted unless the plaintiff consents to a reduction to the amount indicated by the court as proper.

Opinion filed February 9, 1915.

*Mr. J. A. Poventud* for plaintiff.

*Mr. F. H. Dexter* for defendant.

HAMILTON, Judge, delivered the following opinion:

This case was tried before a jury at Ponce on January 20 and 21, 1915. The evidence was full on both sides and the matter was well presented in every respect. Before judgment was entered the defendant, on January 22, filed a motion for a new trial. The parties have submitted the application without argument, and the case is so recent that the court feels it is able to forego that assistance.

1. Several grounds are alleged in the motion for a new trial. The one relating to the refusal of the court to grant instructions requested by the defendant need not be considered, as the court deems that the refusal of the instructions in question was proper. The matter of conformity of the verdict to the evidence, however, will require more consideration. It is true the grounds are not shown in detail by affidavit as provided in rule 62. This, however, is not necessary under the circumstances, as the case is recent, and the parties waived formality on that account. While probably not essential, the court will permit an affidavit *nunc pro tunc,* which is now added.

2. This was a suit under the Federal employers' liability act, in which the suffering of the deceased himself was not to be taken into account, and the recovery was to be limited to the pecuniary loss which the surviving parents might show themselves to have suffered. The expectancy of the deceased and his parents may be said to be about twenty-five years. It was shown that he was contributing about $15 a month to them and was boarding with them. Under the circumstances the pecuniary profit to them could hardly have exceeded half of the amount so paid. There was some evidence that occasionally he furnished something further, but, although so argued, can hardly be said to be shown as regular income on their part. It is urged that he might have been promoted and made more money, but it is also true that he might not. There was no tangible evidence on the point. There was evidence that he might soon have married, and the probability in that aspect is that then he would no longer have boarded with the parents. The total actual pecuniary loss could hardly amount to $100 a year. If the money was to be paid by the railroad company at the rate of, say, $100 a year, that would be one thing; if this income is to be capitalized in a present verdict and paid at once (that is to say, for example, $100 due twenty-five years from now to be estimated at its present value), the amount would be an entirely different thing. On the whole, the court does not think that there was any substantial basis for a verdict of more than $2,000.

3. It is true that the credibility of the witnesses is entirely for the jury, and with that the court does not wish to interfere in any respect. It is possible, for instance, that the jury did not believe the testimony of the woman who testified that she

and Didricksen were to have been married. This would hardly make much difference in the result. Taking human experience as ordinarily found, it would not be material whether Didricksen expected to marry this woman or not. The strong probability in any event was that he would marry someone, and in that case the pecuniary benefit of his parents would be diminished just the same as if he had married the particular woman in question.

The application for a new trial has to be decided upon the facts developed upon the trial, and, taking the evidence as a whole, it seems to the court that the verdict was excessive. The new trial will therefore be granted, unless the plaintiff consents to the reduction of the verdict to $2,000, in which case the clerk will enter a final judgment for $2,000. If this is not agreed to by the plaintiff, however, within ten days, the clerk will enter an order setting aside the verdict and directing a new trial in due course.

It is so ordered.